IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA WILLIAMS,

       Plaintiff,               No. CIV S-02-1901 DFL JFM PS

    vs.

JAMES G. ROCHE,

       Defendant.         <u>ORDER</u>

_____/

On May 31, 2005, defendant filed a motion to compel production of plaintiff's Social Security and Department of Labor files and motion for plaintiff to submit to a psychiatric examination is now before the court, which was noticed for hearing on June 23, 2005.  That hearing was dropped from calendar and the matter submitted on the papers.  Plaintiff has filed no opposition.[1]  Upon review of the motion, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In the complaint filed September 3, 2002, plaintiff alleges that defendant failed to accommodate plaintiff's physical disability, carpal tunnel syndrome, in violation of Title VII

---

[1] In his June 20, 2005 declaration, counsel for defendant recounts his unsuccessful efforts to contact plaintiff.

1

1  Civil Rights Act 1964 and the Rehabilitation Act; and defendant discriminated against plaintiff
2  on the basis of race, color and disability.

3  Production of Files

4          Defendant contends that plaintiff has failed to provide her Social Security and
5  Department of Labor files as part of her initial disclosures and has refused to authorize their
6  release directly to defendant.  Defendant seeks production of these files under Fed. R. Civ. P.
7  37(a)(2)(A) and (B).

8          This court finds that the Department of Labor file is relevant to the issue of
9  damages and liability as it may corroborate Dr. Hood's testimony that the documentation of
10 plaintiff's injuries was sent to the Department of Labor and would reflect whether the documents
11 were sent to anyone else, including the employer.  These records may also provide information as
12 to whether plaintiff was otherwise qualified to perform the essential functions of the computer
13 operator jobs with or without reasonable accommodation at the time those positions became
14 available.

15         The Social Security records are similarly relevant.  Plaintiff's treating psychiatrist,
16 Dr. Kaplan, has written a letter stating plaintiff's "only means of support at this time is from
17 Social Security." (Williams Decl., filed October 26, 2004.)  These records are relevant to
18 whether plaintiff was otherwise qualified as well as the nature and extent of her disability.

19         For these reasons, the court will grant defendant's motion to compel these
20 documents and will direct the appropriate agencies to provide the documents to counsel.  The
21 court will also direct that these records be subject to a protective order, solely for use in this
22 litigation.

23 Psychiatric Exam

24         Defendant seeks to require plaintiff to submit to an independent psychiatric exam
25 pursuant to Fed. R. Civ. P. 35.  Defendant contends plaintiff has placed her physical and mental
26 in controversy through the allegations in her complaint.  Defendant argues plaintiff's condition is

2

1    a key inquiry in respect to the claim of liability, that is, whether she was 'otherwise qualified.'"

2    (Deft.'s "Input," filed June 20, 2005, at 8.)  Defendant also contends plaintiff's inability to

3    prosecute this case warrants an independent psychiatric exam.  As noted above, plaintiff has filed

4    no opposition to this motion.

5               When the mental or physical condition (including the blood group)
                of a party or of a person in the custody or under the legal control of
6               a party, is in controversy, the court in which the action is pending
                may order the party to submit to a physical or mental examination
7               by a suitably licensed or certified examiner or to produce for
                examination the person in the party's custody or legal control. The
8               order may be made only on motion for good cause shown and upon
                notice to the person to be examined and to all parties and shall
9               specify the time, place, manner, conditions, and scope of the
                examination and the person or persons by whom it is to be made.
10

11   Fed. R. Civ. P. 35.

12          A plaintiff puts her mental or physical condition 'in controversy' by claiming

13   injury thereto resulting from defendant's acts.  See Schlagenhauf v. Holder, 379 U.S. 104, 119

14   (1964).  Courts disagree on whether a plaintiff puts his or her mental condition 'in controversy' by

15   claiming damages for emotional distress.  Some hold a claim of emotional distress as a

16   component of damages is enough by itself to put a plaintiff's mental condition 'in controversy'

17   within the meaning of Rule 35(a).  Jansen v. Packaging Corp. of America, 158 F.R.D. 409, 410

18   (N.D. Ill. 1994)(employee claimed ongoing emotional distress attributable to sexual harassment

19   and retaliation by former supervisor).  Most courts, however, require some additional element to

20   place plaintiff's mental condition 'in controversy': e.g., a separate cause of action for infliction of

21   emotional distress; or allegations of unusually severe emotional distress; or a claim of some

22   specific mental or psychiatric injury resulting from such distress; or plaintiff's designating an

23   expert witness to testify to such distress.  See Turner v. Imperial Stores, 161 F.R.D. 89, 92-97

24   (S.D. Cal. 1995); Bowen v. Parking Authority of City of Camden, 214 F.R.D. 188, 194 (D. NJ

25   2003).  Under this view, a claim of mental anguish that is 'merely incidental' to work-related

26   economic damages does not place a plaintiff's physical or mental condition 'in controversy' under

Rule 35.  See Burrell v. Crown Central Petroleum, Inc., 177 F.R.D. 376, 380 (E.D. Tex. 1997).
Nor may a mental examination be ordered where plaintiff claims only past mental suffering; i.e.,
no ongoing emotional or mental injury.  Bridges v. Eastman Kodak Co., 850 F.Supp. 216, 222
(S.D. N.Y. 1994).

        A court order for a physical or mental examination must also be based on a
showing of 'good cause.'  Fed. R. Civ. P. 35(a).  'Good cause' generally requires a showing of
specific facts justifying discovery--i.e., allegations showing the need for the information sought
and lack of means for obtaining it elsewhere.  Schlagenhauf v. Holder, 379 US 104, 114-122
(1964); and see Marroni v. Matey, 82 F.R.D. 371, 372 (E.D. Penn. 1979).  In a diversity personal
injury suit, defendant showed 'good cause' for physical examination because plaintiff's personal
physician indicated in deposition that plaintiff continued to suffer as a result of her injury,
making further examination both relevant and justified.  Shapiro v. Win-Sum Ski Corp., 95
F.R.D. 38 (D. N.Y. 1982).  But there was insufficient justification for ordering the mental
examination of defendant where plaintiffs failed to show the information sought could not be
obtained by other discovery techniques, and where plaintiffs' general request for 'psychological
testing' provided little guidance for determining the scope of any eventual examination.  Marroni
v. Matey, supra.

        The burden is on the moving party to show (by affidavits or other evidence) that
the examinee's condition is 'in controversy' and that 'good cause' exists for compelling her
examination.  In re Certain Asbestos Cases, 113 F.R.D. 612, 614 (N.D. TX 1986).

        This court finds that plaintiff has placed her mental condition in controversy
herein.  Plaintiff must demonstrate that she was otherwise qualified to perform the essential
functions of the computer operator jobs with or without reasonable accommodation at the time
those positions became available in order to prove her case.  This court cannot know, without
expert opinion, whether plaintiff was otherwise qualified at that time.  Moreover, this court is
concerned that this case is headed toward dismissal for lack of prosecution.  On two separate

occasions the court has received letters from Dr. Kaplan referencing plaintiff's inability to perform some task relevant to this litigation because of her disabilities.  (Williams Decl., filed October 26, 2004; Deft.'s Stmt., filed July 12, 2004.)  Despite efforts by plaintiff and the court, counsel could not be obtained for plaintiff.  This 2002 case has been pending almost three years and the trial date and other deadlines have been reset to accommodate plaintiff.  Plaintiff failed to make her initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a), failed to disclose her list of expert witnesses, and failed to respond to defendant's good faith attempts to arrange the examination by stipulation.  An independent psychiatric exam would shed light on plaintiff's capacity and prognosis which would assist the court in determining whether dismissal under Fed. R. Civ. P. Rule 41(a)(2) would be appropriate.

In light of the above, this court finds that plaintiff has placed her mental state at issue herein and that defendant has demonstrated good cause for requiring an independent psychiatric examination.  The court will direct that Mark Mills, M.D. be designated as examiner. The examination shall take place on September 1, 2005, commencing at 9:00 a.m., in the attorney lounge of the United States District Courthouse,[2] 501 I Street, Sacramento, California. Plaintiff shall make herself available for the entire day.  Dr. Mills will take a psychiatric history commencing at 9:00 a.m.  After a lunch break, Dr. Mills will administer standardized psychological testing.  The examination will terminate at 4:00 p.m.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's May 31, 2005 motion to compel production of plaintiff's Department of Labor and Social Security Disability benefits file is granted;

2.  The U.S. Secretary of Labor Elaine L. Chao is directed to produce, within thirty days, a copy of the Department of Labor file on Sandra Williams' workers compensation

---

[2] Counsel for defendant attempted to arrange the examination to occur in Dr. Kaplan's office.  However, Dr. Kaplan did not respond.  Should plaintiff prefer to be examined in Dr. Kaplan's office, she should file a written request as soon as possible.

claim, to counsel for defendant.  Counsel shall provide a copy to plaintiff within ten days after receipt.

3.  The Social Security Administration is directed to produce, within thirty days, a copy of Sandra Williams' records in connection with her application for Social Security Disability benefits, to counsel for defendant.  Counsel shall provide a copy to plaintiff within ten days after receipt.

4.  Any records obtained from the Department of Labor or the Social Security Administration are subject to a protective order and shall be used only in connection with the conduct of this litigation.

5.  Defendant's May 31, 2005 motion to require plaintiff to submit to an independent psychiatric examination is granted.  Plaintiff shall appear on September 1, 2005, at 9:00 a.m. in the attorney lounge of the United States District Courthouse, 501 I Street, Sacramento, California, and make herself available to examination by Dr. Mark Mills for the entire day.

DATED:  July 14, 2005.


UNITED STATES MAGISTRATE JUDGE

mou1/will1901.mtc

6