IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA E. WILLIAMS,

    Plaintiff,                      No. CIV S-02-1901 DFL JFM PS

   vs.

JAMES G. ROCHE, SECRETARY,
DEPARTMENT OF THE AIR FORCE,

    Defendant.                  FINDINGS AND RECOMMENDATIONS
_____/

        Hearing on defendant's September 1, 2005 motion to dismiss was vacated based on plaintiff's failure to file an opposition, and is now before the court.

        Defendant's motion to dismiss, filed September 1, 2005, was noticed for hearing on October 6, 2005.  Plaintiff Williams, proceeding pro se, failed to timely file an opposition. Court records reflect plaintiff was properly served with notice of motion at plaintiff's address of record.[1]

        "Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Pro se litigants are bound by the rules of

---

[1] Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ghazali, 46 F.3d at 53. Plaintiff's failure to comply with the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motion has precluded the court from doing so. In addition, defendants are prejudiced by the inability to reply to opposition and by bearing the costs of counsel attending hearings where plaintiff fails to appear. Finally, the court has repeatedly advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Accordingly, IT IS RECOMMENDED that defendant's September 1, 2005 motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2006.

UNITED STATES MAGISTRATE JUDGE

001; will1901.mtd2